## W. M. MOORE v. LEE PIERSON.

No. 1575. Decided June 27, 1906.

**1.—Charge—Knowledge and Intention.**

An instruction permitting the jury to hold defendant liable for trespass by his cattle only in the event he knew and intended, in driving them where he did, that they should break down plaintiff's fence and enter, was not objectionable,

in requiring both knowledge and intention, where either would suffice; he was presumed to have known a result which he intended, and to have intended one which he knew would follow, and the two represent substantially the same state of mind as either.   (P. 116.)

### 2.—Special Issue—Failure to Request Submission.

An instruction limiting plaintiff's right to recover to one of two distinct acts of trespass alleged by him, the case being submitted on special issues, was not reversible for withdrawing the omitted issue, unless the complaining party made request in writing for its submission, as required by the statute in such cases.   (Rev. Stats., art. 1331, amendment of 1897.)   The statute requires such request in cases so submitted, though the withdrawal of the issue by the charge would be affirmative error, and not mere omission, but for the statute.   (Pp. 116, 117.)

### 3.—Request for Submission.

The requested instructions submitting both grounds of recovery relied on by plaintiff, and calling for a general verdict thereon, will not be treated as a request for a submission of one of the grounds which the court, in sending the case to the jury on special issues, withdrew from their consideration.   (P. 117.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Knox County.

Moore sued Pierson and appealed from a judgment for defendant. On affirmance, he obtained writ of error.

*J. H. Milam, Glasgow & Keenan* and *Hunter & Hunter,* for plaintiff in error.—If defendant drove the cattle on the narrow strip of land at night, and left them there unattended, and either knew they would break into plaintiff's pasture, or intended they should do so, and they did so during the night, then defendant would be as much a trespasser as if he had both known and intended that the cattle would break the fence and commit the trespass.

The petition alleged both knowledge and intention in the conjunctive, which is proper pleading.   It would have been bad pleading to have alleged it in the disjunctive.   But proof of either was sufficient to entitle plaintiff to recover.

The law did not put the burden on plaintiff to prove both knowledge and intention on defendant's part that the cattle would break in, but the burden of proving by preponderance of evidence either knowledge that they would, or intention that they should do so, and hence the charge on the special issue number one was error, and affirmative error at that.

It was the duty of the court to submit all the issues pleaded by the plaintiff which were sustained by the evidence, or upon which sufficient evidence had been introduced to authorize the jury to find a verdict thereon for the plaintiff, especially when his attention was called thereto by a special charge asked by the plaintiff, distinctly setting out such issues, and his failure or refusal to do so was material error, and did materially affect the plaintiff's right to recover in this case, in fact, denied him a trial on his main causes of action as pleaded and proved.

*C. E. Coombs* and *H. G. McConnell,* for appellant.—Whenever a case is submitted to a jury on special issues, and a special verdict is

rendered by the jury, an issue not submitted, and not requested in writing by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding, and a written requested special charge requiring a general verdict will not be construed as a written request for the submission of a special issue. General Laws of Texas, 1897, Spec. Ses., p. 115; Revised Statutes of Texas, art. 1331; Southern Cotton Oil Co. v. Wallace, 23 Texas Civ. App., 12; Texarkana and Fort Smith Ry. Co. v. Spencer, 67 S. W. Rep., 196; Hardin v. Jones, 68 S. W. Rep., 856; Rotan Grocery Co. v. Noble, 81 S. W. Rep., 586.

The trial court had not the discretion to refuse to submit the case on special issues, when requested to do so by the appellee, and appellant had no legal right to refuse to request the submission of the special issues he desired, and to request a general charge instead. Southern Cotton Oil Co. v. Wallace, 23 Texas Civ. App., 12; Harris v. First National Bank, 45 S. W. Rep., 311.

WILLIAMS, ASSOCIATE JUSTICE.—The opinion of the Court of Civil Appeals thus states the nature of this action brought by plaintiff in error, Moore, against defendant in error, Pierson:

"Appellant Moore appeals from an adverse judgment in a suit instituted by him against the appellee on the 15th day of February, 1903, to recover damages occasioned by two alleged trespasses. It is alleged that on the 30th day of April, 1902, appellee drove one hundred and fifty head of his cattle upon a narrow strip of land between appellant's fence and the Brazos River, 'knowing and intending' that said cattle should break said fence and enter plaintiff's pasture. It was charged that they did break said fence, and enter his pasture, eat his grass, injure his tank, infect appellant's pasture and his cattle therein situated with disease and disease germs, whereby some of appellant's cattle died, and many made sick and damaged.

"The second trespass is alleged to have been committed by appellee driving two hundred head of 'diseased and ticky' cattle into appellant's pasture on the 15th day of May, 1902, and allowing them to graze therein, drink his water, muddy and trample his tank and grass, and infect his cattle and pasture with disease and disease germs. The damages alleged to have resulted from the trespasses named were specifically set out and appellant prayed for vindictive as well as actual damages in separate amounts."

The answer of the defendant need not be stated. At the trial evidence was introduced tending to sustain each of plaintiff's causes of action. The plaintiff requested the court to give lengthy general instructions, prepared and presented by his counsel, submitting both of his claims for damages but calling for a general verdict; and the defendant requested that the cause be submitted upon special issues, and the trial judge granted this request, refusing the general instructions requested by the plaintiff. The first paragraph of the charge was as follows:

"1st. Special issue: Did the defendant, Lee Pierson, on or about the 30th day of April, 1902, drive a herd of cattle upon a narrow strip of land situated between plaintiff's pasture fence and the Brazos River

and leave them there knowing and intending that they should break plaintiff's fence and enter his pasture and thereby cause them to break and enter said pasture of plaintiff?

"The burden is on the plaintiff to prove by a preponderance of the evidence the affirmative of this first special issue and unless he has so carried the burden of proof, you will answer this issue in the negative. If you answer this first issue in the negative, you will proceed no further, but report your finding on the same to the court. But if you answer this issue in the affirmative, then you will proceed to answer the following special issues."

The other instructions submitted further questions designed only to determine the defendant's liability for the act referred to in that just copied and the damages therefor, and authorized no recovery for the second trespass.

The first objection urged to the charge is that it required as necessary to a recovery, both that the defendant knew that the cattle would, and intended that they should, break into plaintiff's pasture, when either such knowledge or intention would suffice. It is to be observed of plaintiff's petition that it alleged the defendant's conduct as it was submitted in the charge, and stated no other grounds upon which it was claimed that such conduct was wrongful but that it was done with the knowledge and intent specified. It may be true that either such knowledge or intent was sufficient, because the defendant would be held to foreknow a consequence which he intended, and to intend those things which he knew would happen. The charge contains nothing contrary to this, and it is not probable that an ordinary jury would fail to comprehend it. If there was apprehension that confusion in the minds of the jury might be caused by the wording of the charge, a special instruction could easily have explained it. We agree with the Court of Civil Appeals that the phrase "knowing and intending" expressed but one mental state, easily understood, and that there was no affirmative error in this part of the charge.

It is claimed also that this instruction and those following it submitted only the right to recover exemplary damages for the first trespass, but we think this is plainly repelled by the charge itself. The charge made the right to recover any damages for the first trespass, actual or exemplary, to depend upon a finding of the facts stated in the first issue, doubtless because those facts were all that were alleged to show liability for that trespass; and required findings from the jury, if that issue were decided in plaintiff's favor, of the damages both actual and exemplary.

It is next objected to the charge that it excluded from the consideration of the jury the cause of action asserted for the second trespass, and that it did so can not be denied. But the plaintiff has not put himself in a position to raise that objection on appeal. The Act of 1897, amendatory of article 1331, Revised Statutes, established a very important rule of practice to be observed by the Appellate Courts in reviewing causes submitted in the trial court upon special issues. The statute gives to the parties the right to have all their issues submitted to the jury, but the amendment provides: "But the failure to submit any issue shall not be deemed a ground for reversal of the judgment upon

appeal or a writ of error, unless such submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such finding."

The effect of this statute is to require that an appellant or plaintiff in error, in order to entitle himself to complain in the Appellate Court of the fact that the trial court has not submitted to the jury any of the issues, must have requested the submission in writing. The first provision in the amendment speaks of the "failure to submit," and if it stood alone it might be susceptible of the interpretation that it applies only to omissions to submit and not to positive withdrawals of, or a refusal to submit issues, and might admit of the application of the old rule of practice which required special requests to supply omissions, but not to correct positive and affirmative errors. But the last provision requires the Appellate Court to treat an issue not submitted or requested as so found by the trial court as to sustain the judgment, if there be evidence to support such a finding. The consequence must necessarily be that when the trial court has expressly submitted some issues and excluded others and neither party has put in writing a request for the submission of those excluded, they must be regarded in the Appellate Court as having acquiesced in such action and consented for the trial judge to determine from the evidence the issue not submitted. It is only by a written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue.

It is insisted that plaintiff did sufficiently request the submission of the issues arising upon the second cause of action alleged, but we can not agree that he complied with the statute. The request was to submit the whole cause upon a general charge invoking a general verdict. This was wholly inapplicable to a cause submitted on special issues. When the latter method of submission was decided on, it was the province of the charge and the special requests to formulate specific questions of fact to be submitted to the jury, and it was to such questions that the statute intends the requests to be addressed. We are not now deciding whether or not, under the statute, it is sufficient for the party to request that the court submit a specified issue, or is necessary that he formulate in writing the question as he desires it submitted. That question is not involved because no request was made to submit any question as a special issue. The fact that plaintiff requested a general charge covering the case does not at all show that, when the court submitted special issues, he was not content to have the judge rather than the jury determine those not submitted. Besides, as shown, such a requested charge is not the request for the submission of a special issue required by the statute.

We find no error in the proceedings for which the cause should be reversed, and the judgment is therefore affirmed.

*Affirmed.*