## LOFLAND v. GREENWOOD. (No. 877.)*

(Court of Civil Appeals of Texas. Amarillo.
Dec. 18, 1915. On Motion for Re-
hearing, Jan. 12, 1916.)

**1. PRINCIPAL AND AGENT ☞156—AGENCY TO SHOW LAND.**

Where defendant authorized B. to show lands, to be exchanged, to plaintiff, but did not authorize him to point out the boundaries, telling him to take plaintiff to C., who should do so, and C. pointed out the boundaries, although C. was not authorized by defendant to act for him, his act in pointing out the boundaries at the instance of B. thereby became B.'s and defendant's representation.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. ☞156.]

**2. APPEAL AND ERROR ☞931—PRESUMPTION —MAKING OF FINDINGS.**

A Court of Civil Appeals is authorized to presume, in support of the judgment below, that the trial court made findings proper under the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. ☞931.]

**3. APPEAL AND ERROR ☞1070 — SUPPORT OF JUDGMENT BELOW — ELIMINATION OF FINDING.**

Where all the essentials upon which the merits of appellee's case depended were found by the jury, the Court of Civil Appeals will support the judgment by eliminating a superfluous finding upon an immaterial issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. ☞1070.]

**4. APPEAL AND ERROR ☞931 — FAILURE TO REQUEST ISSUE—PRESUMPTION.**

Where defendant failed to request that an issue be submitted to the jury, the presumption on appeal is that he consented to the court's finding the fact with reference to the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. ☞931.]

**5. EXCHANGE OF PROPERTY ☞8—DEFICIENCY —SUFFICIENCY OF EVIDENCE.**

In an action for a deficiency by plaintiff who exchanged his realty at a valuation per acre for defendant's, evidence *held* sufficient to sustain the finding that plaintiff lost the land.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ☞8.]

**6. APPEAL AND ERROR ☞1003 — REVIEW — CONFLICT IN EVIDENCE—VERDICT.**

The question which party is favored by the preponderance of the evidence on an issue is finally settled by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. ☞1003.]

### On Motion for Rehearing.

**7. PRINCIPAL AND AGENT ☞156 — AGENT TO SHOW BOUNDARIES.**

Where the owner of land sent one wishing to exchange his own lands for it alone to a third person for information upon which to act as to the boundaries of the land, and the third person pointed them out, and the party dealing with the owner acted on such information, the owner is liable for damages occasioned by any false indication of the boundaries.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. ☞156.]

**8. APPEAL AND ERROR ☞930 — SUPPORT OF JUDGMENT.**

It is the duty of the Court of Civil Appeals to sustain the jury's verdict and the judgment below when it can be done upon a reasonable interpretation of the findings and facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. ☞930.]

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Action by J. W. Greenwood against J. C. Lofland. Judgment for plaintiff, and defendant appeals. Affirmed.

E. A. Simpson, of Clarendon, H. D. Spencer, of Memphis, and J. Marvin Jones, of Amarillo, for appellant. Martin, Kinder, Russell & Zimmermann, of Plainview, for appellee.

HUFF, C. J. This action was instituted by appellee, Greenwood, against appellant, Lofland, for damages alleged to have been occasioned in conveying to appellee by appellant 480 acres of land by deed, when in fact there was only 334 acres in the tract which passed by the deed. That the 480 acres conveyed was covered in part by 146 acres of an older survey, and that the superior title to such land was in one J. W. Ricks, who had taken possession and fenced same, and that the title, possession, and value thereof was totally lost to appellee. That Lofland, through his agents, showed the land on the ground to appellee and represented to him that certain fences were on the true boundary lines, pointing out the lines upon the ground. That in truth and in fact the fences so pointed out were not on the true line; that these representations were fraudulently and falsely made, and that appellee relied thereon and was induced thereby to exchange other lands for said land of the value of $9,600, and accepting a conveyance to the 480 acres, but that he got title and possession to only 334 acres, of the value of $6,680. That the 146 acres, it is alleged, was out of an older survey, lying upon the south one-half of the section out of which appellee's deed called for the 480 acres. The land lost was 1,166.4 varas by 691 varas out of the south half of the section. That the consideration paid for the land was $20 per acre, which was its reasonable market value, and by reason of the false representations above set out, appellee was damaged $2,920.

The case was submitted upon special issues and upon their findings, judgment was entered in favor of appellee for $3,971.20, being the damages found, with interest thereon, up to the rendition of the judgment.

Assignments 1, 2, 3, and 4 assert that the court was not authorized in rendering judgment for appellee upon the findings of the jury for the reason that the cause of action was based upon the representations made by J. H. Brumley and C. H. Crawley, as the agents of appellant, as to the boundaries of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

the land, and that the jury found that Crawley was not authorized by appellants to act for him in pointing out the fences and boundaries, and that there was no finding that Brumley made any representations as to the lines and boundaries, and that the answers of the jury are contradictory. Issue No. 5 is as follows:

"At the time said Crawley made said statements and pointed out said lines, was the said C. H. Crawley authorized by the said J. C. Lofland to act for him in so stating?"

The jury answered, "No." The facts show in this case appellee and appellant exchanged property; that J. H. Brumley was the agent and medium through whom the exchange was effected. Appellee's lands were in Hall county, and appellant's lands in Swisher county, which is the land over which the controversy is pending. Brumley received 2½ per cent. commission from appellee, and 2½ per cent. from appellant in effecting the exchange. The facts will support a finding by the trial court that appellee had not seen the land, and that Brumley took him to see the land at appellant's request. That appellant directed Brumley to call upon Crawley, who was on the land, to point out the land and show it to them. There were two sections in the trade other than the 480 here in question. Brumley and appellee did call upon Crawley, and if appellee's testimony is true, the boundaries of the land were pointed out as being on the fences then pointed out. Brumley was with appellee and Crawley for the purpose of showing the land, and upon these representations appellee purchased the land. He knew nothing of the fact at that time that the land belonging to Ricks jutted into or took out of the corner 146 acres. He was not then so informed, so he testified, and the jury so found. The jury found that appellant authorized J. H. Brumley to show appellee the three-fourths out of section 130, block M–10. They also found that the boundaries of section 130 were pointed out to appellee according to the fence lines at the time appellee was contemplating acquiring the land, and that C. H. Crawley told appellee that the fences around said section No. 130 were the boundaries of said section. They answered issue No. 5 as above set out.

[1] Issue No. 6 is as follows:

"At the time J. W. Greenwood and J. H. Brumley came from Memphis, Tex., to Swisher county, Tex., to look at section 130, did the said J. C. Lofland direct J. W. Greenwood or J. H. Brumley to have C. H. Crawley show the said Greenwood section 130, together with other lands owned by the said J. C. Lofland?"

The jury answered, "J. W. Brumley was previously so instructed."

It is asserted by appellant that the anwers of the jury to the fifth and sixth issues are conflicting, and the court could not render judgment thereon. We are inclined to think they are not so conflicting as to require a new trial. Brumley was the agent of appellant, who at his instance took appellee to show him the land. Brumley was directed to call in Crawley to show the land. This Crawley did at Brumley's request. In other words, Brumley was directed and authorized to show the land, and he was instructed how to get his information by appellant, and, pursuant to that instruction, he showed the land as appellant had directed, thereby deceiving appellee. The jury, by their answer to the fifth issue simply found Lofland did not authorize Crawley to act for him. This answer does not negative the authority of Brumley to call upon Crawley to show it. In fact, appellant did not give any authority to Crawley, but the authority was given to Brumley to give to appellee the information, and that he, Brumley, could use Crawley for that purpose. Crawley was not acting for appellant, but Brumley was, and by the use of Crawley, he (Brumley) made the representations for appellant to appellee. If appellant had directed Brumley to show certain corners or marks and Brumley did so, he would be acting for appellant under his authority, and the marks so shown would be appellant's representation. Instead of this, appellant authorized Brumley to use a person to represent the marks. This Brumley did. The act of such person thereby became Brumley's representation as well as that of appellant. No authority could properly be said to have been given Crawley under such circumstances to act for appellant, but when he made said designations, Brumley was authorized to adopt them for the purpose of his agency and authority to effect the trade. This appellant and Brumley did, and this, we think, they could do without ever having previously given any authority to Crawley to act. While there is no specific finding by the jury that Brumley pointed out the lines, he had the authority to do so and was authorized to get Crawley to do so, which he did. The trial court was, we think, authorized from the facts to find that Brumley did point out the lines. He was present at the time; he went for that purpose, and, according to appellee, was with him when the lines were shown and the fences designated as the lines. Brumley was the agent authorized to show them, and it does not make any difference what method he adopted in doing so —whether by Crawley or by his own words or acts. The method he adopted served its purpose and procured the trade. It makes no difference whether he knew the truth or not at that time; he made Crawley's acts his acts, and it was those acts that deceived and that effected and produced the damages by which appellant procured over $2,900 more of appellee's property than he was justly entitled to.

[2, 3] The court, in the absence of a special finding by the jury, could find from the facts in this case that Brumley did actually point out the fences and the lines, and, if necessary to support the judgment, we are authorized to presume the court so found. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132. We re-

gard it as immaterial whether Crawley was authorized or not, if he was used by appellant or Brumley, to point out the lines to appellee. They got the benefit of his act, and by reason thereof, deceived appellee. Under the other findings, by the jury, the fifth issue would be on an immaterial issue in our judgment. Kelley v. Ward, 94 Tex. 289, 60 S. W. 311. All that was essential upon which the merits of appellee's case depended, we regard as having been found by the jury, and, eliminating the fifth issue, a judgment could be found that appellant made the representations charged. O'Brien v. Hilburn, 22 Tex. 616.

The fifth issue does not contradict the fact found that Brumley was authorized to show the land, and that he called upon Crawley to do so, and that Crawley did do so, and the facts as above suggested are sufficient to warrant the finding by the court that Brumley was present and pointed out the land, and that he accompanied appellee for that purpose.

[4, 5] The fifth and sixth assignments complain at the action of the court in rendering judgment because there was no issue submitted and no finding that appellant lost the land. The fifth assignment, to the effect that the court erred in reciting in the judgment that it was admitted that the appellee lost title because there was no such admission made. This is evidently an error on the part of appellant. The judgment does not so recite. The judgment recites that it was "an uncontroverted fact that plaintiff lost title and possession to the 146 acres of land of said section 130, block M–10, and defendant, in open court, admitting the plaintiff's measure of damages to be $20 per acre." The evidence in this case shows that section 130 in question, conflicted with section 2 O X. It is shown that No. 2 O X is the senior survey. The amount of the conflict is shown to be as charged in the petition. It was agreed by the parties upon the trial that section 2 O X was correctly located on the ground. The deed executed by appellant to appellee shows that he conveyed the land in conflict to appellant as part of section 130. It is also shown that the fence pointed out as the line was situated so as to include it within the boundaries of the deed. It is shown that Mr. Ricks had previously filed on section 2 O X more than 15 years prior to the trial, and that he claimed and had possession of the land. The findings of the court we think are amply sustained. The appellant failed to request that an issue on this point be submitted to the jury, and he will therefore be presumed to have consented to the court finding the fact with reference to that issue. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[6] The seventh assignment is to the effect that the preponderance of the evidence shows that appellee's cause of action was barred; and the eighth assignment to the effect that at the time of negotiating the trade appellee had notice of the conflict. Without setting out further the testimony on these points, it will be sufficient to say the jury on both these questions found against appellant, in answer to the issues submitted to them thereon, and that the evidence is sufficient to support their findings. We will not discuss the preponderance of the evidence; the jury have settled that question.

The judgment will be affirmed.

### On Motion for Rehearing.

[7] On motion for rehearing appellant insists the testimony of Brumley and appellant show that appellant was acting for Greenwood in showing the land. The answers of the jury to issues 1 and 2 find that Lofland authorized Brumley to show the land to Greenwood; and to the sixth issue they answer that Lofland directed Greenwood and Brumley to call upon Crawley to point out the land; and by their answers to the fourth issue, they find that the parties did call upon Crawley, and that he pointed out the boundaries as being on the fences. The evidence, aside from that of Brumley and Lofland, is sufficient to support the findings of the jury. If the appellant had sent Greenwood alone to Crawley for information upon which to act, and upon the information so obtained Greenwood did act, appellant would be liable for the damages so occasioned. In the sense that Crawley was the duly authorized agent, appointed by appellant, the finding of the jury to the fifth issue may be correct; yet it does not necessarily conflict with the fact that Brumley and Greenwood were directed by appellant to get Crawley to show the land. Brumley was the agent, and he was directed and authorized to show the land, and, in doing so, he proceeded according to direction. Whether Crawley, under such circumstances, was appellant's duly authorized agent, within the meaning of that term, is immaterial. The agent Brumley, who was to show the land, did show it, through the use he made of Crawley, and in so far as appellee and appellant are affected under the circumstances of this case, Crawley's authority was immaterial since Brumley's authority was established; and appellant made the knowledge of Crawley the knowledge of appellant and Brumley. In effect, appellant asserted "Crawley's representations are true or will be true, and you may rely on them." Boles v. Aldridge (Sup.) 175 S. W. 1052; Maddox v. Clarke (Sup.) 175 S. W. 1053.

[8] Appellant will not be permitted to use an irresponsible person or agency to perpetrate a fraud, and avoid liability by asserting that he had not given such party authority to do the thing done, when through the party he put in motion the machinery to cause the act and to accomplish his purpose through such agency. He used Crawley for his purpose, but perhaps did not authorize him, as an agent, to act for him. In the original opinion we found that appellant paid 2½

per cent. commission to Brumley in the trade. The evidence of Brumley and appellant is contrary to this finding. Brumley, according to Greenwood's evidence, was directed by appellant to show the land. The jury accepted this testimony and disregarded appellant's contention. Greenwood paid 2½ per cent. commission to Brumley on the property he exchanged with appellant. This record shows conclusively to our mind that Brumley was appellant's agent in this transaction. It occurs to us that the contention that the findings of the jury are contradictory is forced. We believe it to be our duty to sustain the verdict of the jury and the judgment of the court based thereon, when it can be done upon a reasonable interpretation of the jury's findings and the facts of the case.

The motion is overruled.