HEIDRITTER v. KEITH LUMBER CO.
(No. 178.)

(Court of Civil Appeals of Texas. Beaumont. June 20, 1917. On Motion for Rehearing, Oct. 29, 1917.)

1. APPEAL AND ERROR ☞216(1)—REVIEW—OMISSION TO INSTRUCT—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, requiring the trial court to submit all the special issues made by the pleadings, and providing that a failure to submit any issue shall not be ground for reversal, unless the submission was requested in writing by the party complaining of the judgment, the failure to charge as to the effect of a verbal agreement between the parties was nothing more than an omission, which could not be complained of, in the absence of a request in writing.

2. APPEAL AND ERROR ☞213—ANSWERS AND JUDGMENT—REVIEW—EVIDENCE.

In a suit by a lumber broker for a commission on the sale of lumber, where the jury, in answer to questions, found that no contract of sale satisfactory to defendant was made, and their answers were supported by sufficient evidence, and there was no objection to the question submitted, or any request for additional questions, the Court of Civil Appeals was not authorized to disturb a judgment for defendant.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by August Heidritter against the Keith Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Greer & Nall, of Beaumont, for appellant. George D. Anderson, of Beaumont, for appellee.

KING, J. This suit was brought in the district court of Jefferson county by appellant, August Heidritter, a lumber broker, against appellee, Keith Lumber Company, to recover a commission on the sale of a bill of lumber alleged to have been sold by appellant, as agent for appellee, under a contract. The case was submitted by the court to the jury on special issues. Upon the answers of the jury to the several questions submitted to them, judgment was rendered for appellee, from which this appeal has been perfected.

[1] In his assignment of errors Nos. 1 and 2, appellant complains of the action of the court in not instructing the jury on the law applicable to the case, and contends that in this case the trial court should have charged the jury that a verbal contract, reduced to writing, but not signed by the parties, is binding on them. The trial court did charge the jury on the law of the case, by special issues, as above stated, but did not charge them as to the effect of a verbal agreement between the parties. There was no exception taken to the court's charge, nor was the court's attention called to any errors or omissions therein, and no special instructions requested. It may be that, under the facts of this case, a charge to the jury on this question could have been properly given; but the failure to give it was nothing more than an omission, that cannot be complained of, in the absence of a request in writing. We have a very important statute upon this question, being article 1985, Vernon's Sayles' Texas Civil Statutes, 1914 Edition. This statute makes it the duty of the trial court, when it submits a case on special issues, to submit all the issues made by the pleadings, but provides, further, that a failure to submit any issue shall not be deemed a ground for reversal of the judgment upon appeal or writ of error, unless its submission has been requested in writing by the party complaining of the judgment, and it further provides that upon appeal or writ of error an issue not submitted, and not requested by a party to a cause, shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding. T. & P. Ry. Co. v. Gay, 86 Tex. 609, 26 S. W. 599, 25 L. R. A. 52; T. & P. Ry. Co. v. Hughes, 192 S. W. 1093; B., S. L. & W. Ry. v. Olmstead, 56 Tex. Civ. App. 96, 120 S. W. 601.

Since the filing of his brief in this case, appellant has called our attention to the case of Hornbeck v. Barrow, 192 S. W. 276, and contends that this case sustains his right to complain in this court of the omission of the trial court to charge the jury on an issue presented by the evidence, in the absence of a request. After reading this case carefully, we do not think it upholds such a contention.

The limit of the holding in that case is that a failure to request a peremptory charge does not preclude the consideration by the appellate court of the proposition, there urged, that the undisputed evidence shows a state of facts entitling the party to a recovery. We do not think that this case furnishes any precedent for this court to consider omissions in a charge given by the trial court, which were not complained of at the time. Moore v. Pierson, 100 Tex. 117, 94 S. W. 1132.

[2] Appellant groups the remaining assignments, numbering 22 in all, and submits them under 9 separate propositions. These assignments and propositions attack the verdict of the jury on the several special questions submitted to them as being contrary to and not supported by the evidence. Appellant's right to recovery in this suit is based upon allegations, contained in his petition, to the effect that about June 23, 1914, he entered into a contract with appellee to sell for it certain described lumber at a price of $21.50 per thousand feet, or better; that he did sell said lumber at a better price than $21.50 per thousand, and that by the terms of an agreement between him and appellee, he was to receive $1 per thousand commission for his services, and that said sale was fully consummated about July 28, 1914; that he performed all the obligations required of him by appellee, and his commission was fully earned and due, but that appellee refused to pay same. Appellee denied generally, and specially answered that appellant never consummated or effected a sale of the lumber, that no sale thereof has ever been made, and that appellant was to be entitled to a commission upon the sale and delivery of the lumber and payment therefor, and his performing other services not performed by him. The trial court asked the jury to answer the question whether or not appellee, through the efforts of appellant, reached an agreement with the purchaser, by which the purchaser agreed to purchase the lumber described in plaintiff's petition, "upon all terms and conditions at that time satisfactory to" appellee, and whether or not, after negotiations were begun, appellee, through appellant, or independently, reached an agreement "in all of its terms satisfactory to" appellee, by the terms of which the purchaser agreed to purchase the lumber. These questions were answered in the negative by the jury, and by their verdict, if supported by sufficient evidence, we should find as a fact that no contract of sale was made in all of its terms satisfactory to appellee; and we do so hold.

The evidence in this case discloses that appellee and appellant carried on negotiations for several weeks with reference to the sale of lumber to the Interborough Rapid Transit Company of New York, and that during this time appellant made one or more trips to Beaumont, and the president of the Keith Lumber Company made a trip to New York, where he was brought face to face with the purchaser by the broker. There is a volume of correspondence, consisting of letters and telegrams; but the record fails to disclose to our mind that the sale of lumber was, in fact, finally consummated by the appellant, and that there is abundant testimony in the record to support the jury's finding that appellee never reached any agreement with the purchaser of the lumber, satisfactory to it in all respects, and the jury were warranted in answering the issue in favor of appellee. This is plainly shown by the telegram of June 22d to appellant from appellee, in which appellant is told to secure mill inspection, if possible. The question of the place of inspection, whether at the mill, at port of shipment, or in New York, seems to have been the final cause of the parties not reaching an agreement, as the appellee insisted upon mill inspection, and the contract furnished him by the purchaser provided for inspection at destination. There are several other matters equally illustrative of the correctness of the jury's answers to these questions, but it is not deemed necessary to here refer to them.

The jury having answered these questions, and their answers being supported by sufficient evidence, and there being no objection made to the questions submitted, and no request for additional questions, and judgment having been rendered against appellant in the trial court, we are not authorized to disturb the judgment rendered.

No reversible error being presented by the record, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

We have again given careful consideration to this case upon motion for rehearing, and we see no reason to change our decision, but are of opinion that the verdict of the jury and judgment of the court are amply supported by the evidence.

Appellant has filed a motion for more extended findings of fact upon which this court predicated its decision, but on account of the great mass of correspondence, all of which would have to be set out in full, it is not practicable to do so.