THOMPSON et al. v. RUSSELL. (No. 1531.)

(Court of Civil Appeals of Texas. Amarillo, April 23, 1919.)

1. APPEAL AND ERROR ☞218(2)—OBJECTIONS IN LOWER COURT—SPECIAL ISSUES.

Where a boundary line dispute case was submitted on special issues and not on a general charge and the verdict made it necessary for the court to refer to the evidence to ascertain where the line was located and to get a de-

scription of the land for the judgment, it must be held that appellant consented thereto, where he failed to request the submission of location and description as an issue.

2. APPEAL AND ERROR ☞930(3)—PRESUMPTIONS—SPECIAL ISSUES—ADDITIONAL FINDINGS.

Where it was necessary for court, in a boundary line case submitted on special issues only, to refer to the evidence to determine the position of a line and the description of land, for the judgment, the court will be presumed to have found such issue if supported by evidence in a way to support the judgment.

3. APPEAL AND ERROR ☞907(3)—ABSENCE OF STATEMENT OF FACTS—PRESUMPTION THAT EVIDENCE SUPPORTS JUDGMENT.

Where there is no statement of facts, upon an appeal, it must be presumed that the judgment of the trial court is sufficiently supported by the evidence.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by C. D. Russell against George Thompson and others in trespass to try title. Judgment for plaintiff, and defendants appeal. Judgment affirmed.

W. W. Kirk, of Plainview, and Y. W. Holmes, of Comanche, for appellants.

Kinder & Russell and A. B. Martin, all of Plainview, for appellee.

BOYCE, J. This was a suit in trespass to try title by C. D. Russell against Geo. Thompson and others. Judgment was rendered for plaintiff, and the defendants prosecute this appeal.

The judgment recites that—

"All parties agreed that there was only one issue to be submitted to the jury; that is, whether the east line of survey 41, defendants' land, should be located according to a survey made by W. J. Williams."

Whereupon the court submitted to the jury the following issue:

"Is the true location of the east boundary line of said section 41 at the point testified to by the witness W. J. Williams?"

And the jury returned the following answer:

"We, the jury, find the answer to the question submitted to be, 'Yes.'"

This recital is followed by a judgment for plaintiff for certain land specifically described by metes and bounds.

[1] One assignment is presented, and this is to the effect that the verdict furnishes no basis for the judgment, since it was necessary for the court to have referred to the evidence in order to ascertain where the line testified to by the witness W. J. Williams

was located and to get a description of the land to be described in the judgment. It is true that such reference to the evidence was necessary, as the location of the Williams line is not referred to in the pleading, and, if the case had been submitted on a general charge, there might have been some merit in this assignment. H. Packing Co. v. Griffith, 164 S. W. 431, and authorities. But since the case was submitted on special issues the appellant, in failing to request the submission of any other issues, even in the absence of his express agreement, is to be held to have "consented for the trial judge to determine from the evidence the issues not submitted." R. S: art. 1985; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[2, 3] It will be presumed that the court found as to issues not submitted in such way, as to support the judgment, provided there is evidence sufficient to have authorized such findings. There is no statement of facts on this appeal, and we must presume that the judgment of the court is sufficiently supported by the evidence. '

The judgment is affirmed.