**PARKER et al. v. MONA–MARIE TRUST et al. (No. 11307.)**

(Court of Civil Appeals of Texas. Fort Worth. Dec. 12, 1925.)

**1. Appeal and error ⬄901—Appellant has burden of showing that court committed reversible error in denying him judgment.**

Appellant has burden of showing that court committed reversible error in refusing to enter judgment for him on findings of jury, in order to entitle him to a reversal of judgment.

**2. Mines and minerals ⬄109—Damages for breach of contract to transfer stock on completion of contract to drill wells to be computed on value of stock at time contract was to be completed.**

Damages for breach of contract to transfer stock of trust on completion of oil wells for trust holding oil lease was to be computed on value of stock at time when party would have been entitled to receive it on completion of wells, and not on such proportionate value of oil lease as stock to be transferred bore to total capitalization of trust, since stock transfers no interest in property of trust.

**3. Corporations ⬄65—Joint stock companies and business trusts ⬄5—Rule as to nature of stock same for corporation or unincorporated trust association.**

Rule that shares of stock are personalty, conveying no interest in property of company, applies equally to a corporation or an unincorporated trust stock association.

**4. Mines and minerals ⬄109—Contract to convey one-half of trust stock on completion of oil wells held not to entitle party on breach of contract, to one-half interest in oil lease.**

Though relation under contract to convey one-half of trust stock on completion of oil wells is that of partnership, the party entitled to stock is not, on breach of contract, entitled to one-half interest in company's oil lease, where it does not appear that partnership has been closed, and is without indebtedness.

Error from District Court, Wichita County; E. W. Napier, Judge.

Suit by the Mona-Marie Trust and others against James E. Parker and others, in which the defendant named filed a cross-action. Judgment adverse to defendant named was entered, and he brings error. Affirmed.

Bullington, Boone & Humphrey and John B. King, all of Wichita Falls, for plaintiff in error.

Fitzgerald & Hatchitt and Kay, Akin & Smedley, all of Wichita Falls, for defendants in error.

CONNER, C. J. Originally this suit was brought by W. E. Priddy and J. B. Hatchett, trustees for an unincorporated trust estate of Wichita county, Tex., known as the Mona-Marie Trust, against J. H. Renfro, Joe Overby, and Jim Parker for an injunction and damages.

The plaintiffs alleged that they were the owners of a certain oil and gas lease as the trustees of the trust estate known as the Mona-Marie Trust; that the defendants J. H. Renfro, Joe Overby, and Jim Parker, without the consent of the plaintiff, and without legal authority, had gone upon the leasehold estate and erected a derrick, built some pipe lines and tanks, and placed other material thereon for the purpose of drilling a well on this lease, and were claiming a right to do so by virtue of a certain assignment, sale, or contract entered into on the 11th day of January, 1922, between the Mona-Marie Trust and the defendants Renfro and Overby; that J. H. Renfro and Joe Overby had assigned and transferred the contract or claim to the other defendant, Parker; that such contract and the assignment thereof was void for the following reasons:

(1) That it was obtained by fraud on the part of Renfro and Overby in concealing certain facts and making certain representations to the plaintiff; and (2) that the contract was of a personal nature and could not be assigned or transferred and that the attempted transfer to defendant James Parker vitiated and annulled the contract.

It was upon these allegations that the trial court granted a temporary writ of injunction against the defendants. Upon a hearing the court overruled defendants' motion to dissolve, from which judgment on appeal to this court we ruled: (1) That the contract was assignable; and (2) that the defendants' allegations of fraud did not sustain the granting of an injunction.

The judgment below was accordingly reversed. See Overby v. Mona-Marie Trust (Tex. Civ. App.) 240 S. W. 581, where a more particular statement may be found.

At a later term of court there was a retrial of the case upon the merits; the plaintiffs relying substantially upon the same allegations considered by us on the appeal referred to, and praying that they have judgment for cancellation of the contract, and for costs of suit.

The defendants Overby and Renfro filed answers, but the court gave a peremptory instruction to the jury to find in their favor, to which no objection appears to have been

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made. The answers of these defendants, therefore, need not be especially noticed.

The defendant Parker, in answer, set up the contract between the Mona-Marie Trust and the defendants Overby and Renfro, and the transfer from these defendants to him, and declared upon the former proceedings as a breach of contract on the part of plaintiffs, and prayed for damages.

The case was submitted to a jury upon special issues which, with their answers, were as follows:

"(1) What would have been the reasonable cost on the part of Renfro and Overby and James E. Parker to fully comply with the contract introduced in evidence herein, dated January 11, 1922, between the plaintiffs and Overby and Renfro? A. $19,000.

"(2) Find what would have been the reasonable time to have drilled, completed, and equipped two shallow wells and one deep well, called for in the contract between the Mona-Marie Trust and Overby and Renfro, at the time called for in the contract and under the conditions then existing. A. 40 days.

"(3) Find what would have been the reasonable cash value of the Mona-Marie Trust Company stock at the time the same was to have been delivered under the contract between the Mona-Marie Trust and Overby and Renfro. A. 75 cents on the dollar.

"(4) What was the reasonable cash market value of the Mona-Marie Trust 80-acre lease on January 19, 1922? A. $65,000."

The trial court overruled a motion filed by the defendant Parker for judgment in his favor against the plaintiff for the sum of $13,-500, but, on the contrary, entered a decree to the effect that the plaintiffs take nothing as against all of the defendants; that defendant Parker take nothing as against the plaintiffs on his cross-action; and that the costs of suit be adjudged against the plaintiffs. From the judgment so rendered, the defendant Parker has prosecuted this writ of error.

[1] No statement of facts has been presented, nor does the record disclose any exceptions to issues submitted or refused, or any bill of exceptions to rulings upon evidence admitted or rejected. So that the sole question we are called upon to determine is whether it is made to appear that the court committed reversible error in refusing to enter judgment for appellant in the sum of $13,-500 on the findings of the jury. The burden to so show is, of course, upon plaintiff in error, in order to entitle him to a reversal of the judgment. See Lofland v. Greenwood (Tex. Civ. App.) 181 S. W. 517, writ of error refused.

[2] Plaintiff in error's right to a reversal of the judgment below is based upon the contention that by the terms of the contract between the Mona-Marie Trust and the defendants Overby and Renfro, which had been assigned to the plaintiff in error, Parker, he (Parker) was entitled to $25,000 of stock of the trust, and that this $25,000 of stock was one-half of the total capitalization of the company, which vested in him an undivided one-half interest in the oil lease involved in the controversy, which, by the jury's findings, was of the value of $65,000. The pleadings of all parties show that, upon completion of the drilling of the three wells on the oil lease in question, Parker, as the assignee of Overby and Renfro, was entitled to receive from the Mona-Marie Trust $25,000 of its stock, and if this was one-half of the entire capitalization of the trust, and he thus was entitled to receive a one-half interest in the 80-acre lease in question, which, by the verdict of the jury, was valued at $65,000, and we should divide the value of the lease by two and subtract from the result the $19,000 which it would have cost plaintiff in error to complete the wells, then, indeed, he would have been entitled to the $13,500 he claims. The court in entering judgment evidently proceeded upon the theory that the measure of plaintiff in error's damages was the value of the stock at the time when plaintiff in error would have been entitled to receive the same upon the completion of the three wells provided for in the contract, which was found by the jury to be 75 cents on the dollar (amounting to $18,750), and, this being less by $250 than it would have cost plaintiff in error to complete the drilling under the terms of the contract, plaintiff in error suffered no loss, and hence was not entitled to any recovery.

We find ourselves unable to uphold the contention of plaintiff in error. We fail to find in the record any evidence or pleading that establishes the fact that the Mona-Marie Trust was only capitalized in the sum of $50,000. The contract between the Mona-Marie Trust and Overby and Renfro, under which plaintiff in error claims, is not shown in the record, and we cannot assume that by the terms of that contract the Mona-Marie Trust contracted to give any interest in the lease itself as a consideration for the digging of the wells. So far as the record shows, plaintiff in error, as the assignee of Overby and Renfro, upon the completion of the wells in accordance with the terms of the contract, was to receive $25,000 of stock of the Mona-Marie Trust, and nothing beyond this.

In Dunn's Business Trust, p. 111, it is declared that:

"A trust certificate is merely evidence of the number of shares or beneficial interest one may have in a trust; it is but a muniment of title—documentary evidence of ownership—not the beneficial interest or share itself."

In Randon v. Barton, 4 Tex. 289, 290, our Supreme Court held that the rule respecting the measure of damages for breach of contract to transfer and deliver land certificates is that which applies to the breach of contracts for the sale of chattels, and not of lands.

In 10 Cyc. p. 366, § 9, it is said:

"Contrary to early opinion, it is now generally agreed that shares of stock in corporations are personal property, whether they are declared to be such by statute or not, and whether the property of the corporation itself is real or personal."

And the same author, on page 373 of that volume, par. F, states :

"Shareholders are not tenants in common or co-owners of the property of the corporation in any sense; but the title thereto rests in the legal entity called the corporation."

[3, 4] In these respects no distinction is to be made between a corporation and an unincorporated trust stock association. It has been held in this state that a mineral lease in land—an oil lease—constitutes real property, a conveyance of which must be evidenced by an instrument in writing, executed under the formalities of the statutes. While in some respects associations of the character indicated in the pleadings are treated in our decisions as partnerships, yet, if we could assume in the absence of the trust agreement that the relation between Parker and the plaintiffs in the suit was that of partners, and that the lease in question constituted partnership property, the record entirely fails to disclose facts sufficient which, in any view of the case, would authorize us in holding that plaintiff in error was entitled to a one-half interest in the lease under consideration, for it does not appear that the trust or partnership has been closed and that it is without indebtedness. For aught the record shows, the trust is a going concern and the lease, while worth $65,000, is legally charged with debts, which, if paid, would largely decrease the value of the assets of the association.

So that, on the whole, we conclude that the judgment below must be affirmed.