## BARRINGTON v. McBROOM.

### No. 2367.

Court of Civil Appeals of Texas. Waco.

Nov. 26, 1941.

Rehearing Denied Jan. 8, 1942.

J. P. Moseley and Thad A. Barrington, Jr., both of Ennis, for appellant.

Jerry E. Clarke and Bryan & Martin, all of Hillsboro, for appellee.

TIREY, Justice.

Plaintiff Barrington brought this suit against defendant McBroom for the title

and possession of a 1936 model Chevrolet Town Sedan automobile. He alleged the value of same to be $300, and caused writ of sequestration to issue and be levied on the property. The defendant replevied and defended the suit substantially on the grounds (a) that he purchased the property from plaintiff's agent, who was acting within the scope, or apparent scope, of his authority, and (b) that plaintiff accepted a part of the consideration paid plaintiff's agent in exchange for said automobile, and plaintiff thereby approved of the acts of the agent. On the issues submitted the jury found, among other things, that the defendant purchased the car from plaintiff's agent, and that said agent was acting within the scope of his authority. The court overruled plaintiff's motion for judgment non obstante veredicto and granted defendant's motion for judgment and awarded title and possession of the car to defendant. Plaintiff has appealed.

The judgment of the trial court is assailed mainly on the grounds that the court erred in its failure to grant plaintiff's motion for an instructed verdict, and that after the verdict was rendered it failed to grant his motion (after due notice) for judgment non obstante veredicto, filed under Article 2211, Vernon's Ann.Civ.St. We overrule these assignments.

The controlling facts in this case are not in dispute. Plaintiff Barrington was a Chevrolet dealer at Ennis in Ellis county. Ed Fitzpatrick, who made the sale and exchange with defendant, began working for the plaintiff in the capacity of used-car salesman in the latter part of 1938. Fitzpatrick solicited car sales and reported his solicitations back to the office where the sale was either confirmed or rejected; and if confirmed, the sale was closed through the office. He had no other authority. On February 13, 1939, Fitzpatrick reported to plaintiff that he had a purchaser for the car in question who was willing to pay $385 for the car and who would pay $150 in cash and execute a note for the balance of the purchase price, payable in monthly installments of $25, and secure the payment thereof with mortgage on the car; that the purchaser was R. Morgan of West, in McLennan County, his brother-in-law. Plaintiff authorized Fitzpatrick to make the sale. Morgan was a fictitious person. Fitzpatrick took the car in question from plaintiff's place of business in Ennis to the home of defendant in Hill county.

After negotiating with McBroom for some two hours Fitzpatrick, without authority of his principal, traded the car in question to the defendant, for which defendant delivered to Fitzpatrick a 1932 model Marquette coupe in exchange and, in addition thereto, issued and delivered his check payable to Fitzpatrick, or order, in the sum of $156. Fitzpatrick cashed the check of defendant and forged, or caused to be forged, the purported signature of Morgan to the note evidencing the balance of the purchase price on the sale plaintiff had authorized him to make, and delivered said note and $150 in cash to his principal. Some days later Fitzpatrick executed bill of sale to the Chevrolet to the defendant, and likewise the defendant executed and delivered bill of sale to the Marquette to Fitzpatrick. Shortly thereafter plaintiff began investigation of Morgan and ascertained that no such person existed. A few weeks thereafter Fitzpatrick absconded and plaintiff, after much inquiry, located the car in question in the possession of the defendant, and demanded that defendant return the car to him. Plaintiff did not tender or offer to tender to defendant the cash consideration of $150 which he had received from Fitzpatrick in the transaction, although he had full knowledge of the fraud perpetrated on him by his agent. The defendant knew of Fitzpatrick and knew that he was working for plaintiff in some capacity some three or four months before he traded for the car in question; that during the negotiations culminating in the sale, Fitzpatrick told him that he was working for the plaintiff, a Chevrolet dealer at Ennis, and Fitzpatrick tried to get defendant to go to plaintiff's place of business in Ennis and look at other cars. The defendant further testified: "When he told me he was working with them and was their agent, I felt he had the right to sell me a car. I felt he had that right. He told me he was a son-in-law of the Frazier's and that led me to believe he was all right. In other words, I felt like I knew where he was working and that he was authorized to sell the car. There was not much said about what he was doing with them." McBroom did not know Barrington, nor had he seen anything that Barrington had signed to indicate that Fitzpatrick was his agent before he traded for the car in question.

The general rule is: "The mere intrustment of personal property to another, either as agent, bailee, or otherwise,

is not sufficient to warrant the assumption that the party in possession is the owner or has authority to dispose of the property; and, where the property is turned over to an agent, one dealing with him is ordinarily charged with the duty of ascertaining the extent of his authority." Gregory v. Newsom, Tex.Civ.App., 279 S.W. 912, point 1, page 914, writ refused. The evidence is undisputed that defendant made no effort whatsoever to ascertain from plaintiff, or anyone else, the authority of Fitzpatrick to make the sale; but, on the contrary, defendant relied solely on the statements made to him by the agent, and the further fact that he knew the family into which the agent had married. We think that there is no evidence to sustain the jury's finding that the agent was acting within the scope of his authority at the time he made the sale and exchange to and with defendant, but, on the contrary, shows that he acted without authority and in fraud of his principal's right. We think that the general rule herein cited is applicable to the facts of this case.

However, the application of such rule to the facts of this case did not entitle plaintiff to an instructed verdict, nor did it entitle plaintiff to a judgment on the verdict of the jury non obstante veredicto. The defendant pleaded, among other things, that " * * * plaintiff, in accepting at least a part of the consideration paid, * * * approved the acts of his said agent and was not heard to complain about the sale of said automobile until a long time thereafter * * *." The evidence is undisputed that plaintiff accepted the note (purportedly executed by Morgan) and the $150 in cash from Fitzpatrick, his agent, in payment of the car. After the plaintiff ascertained that he had been defrauded by his agent, he retained the $150 and did not refund or offer to refund the $150, or any part thereof, to defendant, but demanded of defendant that he return his car to him and, upon defendant's refusal so to do, plaintiff brought suit to recover title and possession of same. The plaintiff testified substantially that the Chevrolet car, at the time it was traded to McBroom, was of the cash market value of approximately $350; and that at the time of the trial the car in question had a cash market value of $300 and a trade-in value of $350. Therefore, if plaintiff is permitted to recover the car without making a refund to defendant, he has made, according to his own testimony (on cash values alone), a profit of $100.

■ We think the law is well settled in Texas that if the principal would take the benefit of a contract made by his agent "he must take it as a whole, with all its attendant circumstances. He cannot adopt just so much as confers an advantage, and reject the rest. The whole must be taken together as one and the same transaction. * * * It cannot be adopted in part or rejected in part." Wright v. Calhoun, 19 Tex. 412, point page 422; Henderson v. San Antonio & M. G. R. Co., 17 Tex. 560, point page 575, 67 Am.Dec. 675; Goldschmidt & Co. v. Wagner, Tex.Civ.App., 99 S.W. 737; Braxton v. Haney, Tex.Civ.App., 82 S.W.2d 984, writ refused; 2 C. J.S., Agency, § 49, p. 1097; 2 Tex.Jur. 487, § 89; 17 Tex.Jur. 135, § 7.

■■ It is true that defendant made no request for an instructed verdict. The issue of ratification was not submitted to the jury, nor was its submission requested. Said issue was raised by the pleadings and the evidence thereon is undisputed and conclusive that plaintiff, after knowledge of his agent's fraud, retained $150 of the cash consideration paid by McBroom and sought to recover title and possession of the car without refunding or offering to refund the cash he had received. Our view is that plaintiff ratified the acts of his agent as a matter of law, and that he is thereby precluded from any recovery as against the defendant. Therefore, it is not necessary for us to decide whether the failure of the court to submit said issue of ratification is controlled by Art. 2190, R.C.S., Vernon's Ann.Civ.St. art. 2190, and by the rule announced in Moore v. Pierson, 100 Tex. 113, 94 S.W. 1132, point page 1134, and Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Appellate courts "can set aside judgments of inferior courts only when they are wrong, and never when they are right * * *." Harris v. Shafer, 86 Tex. 314, 24 S.W. 263, 265; 3 Tex.Jur. 1144, § 804; Court of Civil Appeals Rule 62a. Our view is that since this case has been fully developed and the record is undisputed and conclusive that plaintiff, after knowledge of the fraud of his agent, retained a part of the benefit of the contract made by his agent and failed to repudiate the act of his agent in whole, he ratified the act of his

agent, with the liabilities and burdens resulting therefrom.

It follows that all other assignments of error are immaterial and each is overruled.

The judgment of the trial court is affirmed.