Edward T. DRISCOLL, Appellant,

v.

Lenorah B. EPLEY, Appellee.

No. 5103.

Court of Civil Appeals of Texas.
El Paso.

June 22, 1955.

Rehearing Denied July 13, 1955.

John Campbell, Midland, for appellant.

Charles L. Klapproth, Midland, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Midland County, Texas, wherein plaintiff recovered a judgment against defendant for the sum of $660, and another item of $51.26, which was not contested. Trial was to the court, without a jury. The facts are as follows:

Defendant had called a man by the name of Epley in Midland, Texas, in the month of June, 1953, inquiring whether or not he should take out insurance against hail damaging his crop. Epley informed him that his mother, who operated an insurance agency, was in the house, thereupon plaintiff and defendant entered into a conversation during the course of which it appears that defendant asked plaintiff if she would "take care of it for him", referring, of course, to hail insurance on his crop. The record then indicates that plaintiff, who operated her own insurance agency, made application to two different companies, resulting in the issuance of two policies, each calling for $330 premium. In order to pay for these policies plaintiff secured notes signed by one Bates Witt, who signed the notes for Driscoll by Bates Witt, Auditor. These notes were forwarded to the companies and they in turn issued the policies.

These policies were delivered by plaintiff in July to defendant at his office or home in Midland. Defendant first made some objection to the amount of the premium, and made some objection about the issuance of two policies. In any event plaintiff undertook to arrange conferences between defendant and representatives of the company or companies. This was finally done, and plaintiff testified that defendant represented himself as being satisfied. Be that as it may, or not, it is clear that the defendant did retain the policies and keep them in his possession. In November he was notified by plaintiff of the amount due and he refused to pay, hence this lawsuit. Wherein plaintiff sued on the notes, and in the alternate on quantum meruit. The trial court disallowed plaintiff's claim on the promissory notes, but permitted her to recover on the doctrine of quantum meruit.

· Defendant, or appellant, has presented eight points for consideration. We will group the first six under one heading, as they all deal with the court's finding in favor of the plaintiff, and claim that the court was wrong in making such finding; that there was no real contract between the insurance carriers and the defendant, and that the defendant could not have ratified or adopted any such contract because of its nonexistence.

We must hold that the trial court ruled correctly in favor of plaintiff. It seems clear from the record that defendant contacted plaintiff, who was in the insurance business, and asked her to take care of the matter of insurance on his crop against hail. Plaintiff did this and forwarded the policies to him, and he, the defendant, kept the policies in his possession. We think this presents a clear picture of a contract and one that was ratified and adopted by the defendant by virtue of his retaining the policies, especially during the dangerous period when hail damage was most likely to occur. He has not denied the conversation between himself and the plaintiff, but seems to complain mostly about the charges and to declare that he was overcharged and overinsured. This complaint, or matter of aggrievement on his part, seems to have been lost by him by his hanging onto the policies, thereby adopting and ratifying the entire transaction. We therefore hold that the court was correct in holding for the plaintiff on the doctrine of quantum meruit and the first six of appellant's points are therefore overruled. Barrington v. McBroom, Tex.Civ. App., 157 S.W.2d 463, and cases cited thereunder; Condor Petroleum Co. v. Greene, Tex.Civ.App., 164 S.W.2d 713.

Appellant's seventh point complains of the court's action in overruling his special exception to appellee's petition on the ground that said petition does not conform to the requirements of Rule 50, Texas Rules of Civil Procedure, viz., in that the paragraphs of plaintiff's petition are not numbered, as required by the said rule. This is true. The paragraphs are not numbered, but we have examined the petition and find that plaintiff has made substantial compliance with the rule in that her alternate pleas are set out, each in its own paragraph, and that the petition itself is lucidly and properly drawn, and that the paragraphs therein contain subject matter that is not multifarious, conflicting with other paragraphs, or ambiguous. While it is true that the paragraphs ought to be numbered, and the rule does so require, we do hold that the plaintiff was in substantial compliance with Rule 50, and the Court did not err in overruling defendant's exception.

Appellant's last point complains of the Court's action in overruling his special exception to appellee's petition, on the ground that same does not comply with Rule 59. His objection is that there are a lot of items or exhibits attached to the petition that are unidentified and improperly included in the petition. Again, this is probably true, but Rule 59 does not vitiate or cause to be vitiated the entire petition, it merely permits the exclusion of items of evidence or improperly identified matters when they are attached to the petition, but their attachment, or their inclusion does not, we think, rule out the entire petition, especially where we have, as here, a trial

to the court without a jury and therefore calling for the usual presumption in favor of the trial judge's findings, and his consideration of the pleadings and evidence. This point is therefore overruled.

For the above reasons we therefore hold the trial court should be affirmed, and all of appellant's points are therefore overruled and the decision of the trial court affirmed.