61  395
61  489

JOHN GRANT v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

June 20, 1895.

Nos. 9274—(170).

Contract—Consideration.

A. let a contract to B. by which B. agreed to perform certain work. B. let a subcontract to C. by which C. agreed to perform a part of this work, and B. agreed to pay C. therefor monthly as the work progressed. After C. had partly performed, B. defaulted in these payments, and for this reason C. refused further to perform his contract. Thereupon A. made an agreement with C. by which C. agreed to perform and complete his contract with B., and A. agreed to pay C. extra compensation therefor over and above the price agreed to be paid therefor by B. to C. *Held*, there was sufficient consideration for the contract between A. and C., and the same was binding.

[1] Reported in 63 N. W. 1026.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., overruling a demurrer to the complaint. Affirmed.

*Joseph B. Cotton* and *Geo. Welwood Murray*, for appellant.

*Clapp & Macartney*, for respondent.

CANTY, J.[2]   The defendant corporation demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and from an order overruling the demurrer it appeals.

The complaint alleges that on May 9, 1893, the defendant entered into a contract with the firm of Wolf & King, whereby they agreed to perform certain work in grading a certain branch of defendant's railroad, and whereby defendant agreed to pay them therefor a certain price, payable on monthly estimates. By the subsequent agreement of the parties, the time for performance on the part of Wolf & King was extended to November 1, 1893. That shortly prior to the date of this contract Wolf & King and plaintiff entered into a contract, whereby plaintiff agreed to perform a part of this work, and they agreed to pay him therefor; and on June 3 following they and plaintiff entered into another contract, whereby plaintiff agreed to perform another part of this work, and they agreed to pay him therefor. By the terms of each of these contracts, they agreed to pay plaintiff "monthly, upon the engineer's estimate, less 10 per cent.," which was to be retained until the work was finished, and by a subsequent agreement the time for performance on the part of plaintiff was extended to November 1, 1893. It is further alleged that plaintiff entered on the performance of said two last-named contracts, and performed the same in all things during the months of May, June, and July, 1893; that the work so performed during each of said months was duly estimated, as provided for in the contracts, and that by said estimates there was due plaintiff from Wolf & King certain sums of money, which they wholly failed and neglected to pay plaintiff; and for these defaults plaintiff refused to proceed with the contract, but proceeded to abandon the same; that the failure of Wolf & King to pay plaintiff, as aforesaid, was caused by the failure of the defendant to pay Wolf & King,

[2] Buck, J., absent, took no part.

under said first-named contract; that the voters of St. Louis county, in this state, had, during that year and prior to August 1, voted to the defendant certain bonds, on condition that said branch of said railroad be completed on or before said November 1; that on August 1, 1893, after plaintiff's said refusal to proceed further with the work, plaintiff and defendant entered into a contract, by which "said defendant promised and agreed to and with this plaintiff that if he, this plaintiff, would waive his right to treat said contracts as forfeited, and countermand his said orders, and go on and complete his said work in time to enable the defendant to become entitled to said bonds of St. Louis county, said defendant would pay this plaintiff a sum of money sufficient to reimburse him for all losses he might have sustained, or might thereafter sustain, in performing and completing said contracts, and sufficient to cover all the costs of performing and completing said work, and that said defendant would pay this plaintiff such sum or sums immediately upon the completion of said work; that this plaintiff accepted said offer, and, relying solely upon the said promise and undertaking of the said defendant, went on and completed all the work contemplated and covered by said contracts" between plaintiff and Wolf & King. It is further alleged that the price of said work, as provided in the two contracts between plaintiff and Wolf & King is $45,758, and no more, and that the total cost to plaintiff of performing and completing said work is $16,045 in excess of that sum, and the complaint prays judgment for said sum of $16,045.

It is contended by appellant that there is no consideration for its promise to plaintiff to pay him anything for doing this work, as it already had a contract with Wolf & King for the doing of the same work, and that Wolf & King had not attempted or threatened to abandon or rescind their contract with it. Appellant's position is wholly untenable. It is no concern of plaintiff's that Wolf & King may have been willing to perform their contract with defendant. On account of the defaults of Wolf & King, plaintiff was not obliged to perform his contracts with them. If defendant saw fit to promise to give plaintiff an additional consideration for performing a contract which he was not obliged to perform, there is a sufficient consideration for that promise. That consideration may consist of detriment or disadvantage to plaintiff, or waiver of a right

by him, as well as of a benefit to defendant. Plaintiff's original contract was not with defendant, but with Wolf & King. Plaintiff was under no obligation to defendant to perform this contract, and we do not wish to be understood as holding that there would not be sufficient consideration for defendant's promise to plaintiff, even though plaintiff was not at liberty to abandon or rescind his contract with Wolf & King, but prefer not to pass on that question.

The order appealed from is affirmed.