WILLIAM ROBERTS v. GALVESTON, HARRISBURG & SAN ANTONIO RAIL-
WAY COMPANY.

Decided December 22, 1909.

**1.—Appellate Courts—Amount of Verdict—Revision.**

Passion, prejudice or misconduct must appear to have influenced the amount
of a verdict before a Court of Civil Appeals will exercise its power of reversing
a judgment upon the ground that the amount of the verdict is either too small or
too large. The same rule applies in both cases.

**2.—Negligence—Aggravating an Ailment—Measure of Damage.**

When a plaintiff was already sick or nervous or feeble when injured by the
negligent act of another, the party causing the injury would be liable only for
the increased sickness or nervousness or feebleness.

Appeal from the District Court of Bexar County. Tried below be-
fore Hon. A. W. Seeligson.

*Nat B. Jones, H. C. Carter, Perry J. Lewis,* for appellant.—The
charge is erroneous and gives the jury an erroneous rule for deter-
mining plaintiff's damages, in that it instructed the jury that they
could consider only such damages as resulted alone and solely from
defendant's negligence, and further instructed them that they must
eliminate from their consideration all considerations of damage or in-
jury, save and except just such damage or injury as was caused solely
by defendant's negligence. The law is that negligence need not be
the sole cause of the resulting injuries, but it is sufficient if it is a
concurring cause and actively aids in producing the result as an effi-
cient cause. Driess v. Frederich, 73 Texas, 460; Nix v. San Antonio
Traction Co., 94 S. W., 335; Gulf, C. & S. F. Ry. Co. v. Redeker, 45
Texas Civ. App., 312; Bray et ux. v. Latham, 81 Ga., 640, 8 S. E., 64;
Lapleine v. Morgan's L. & T. R. & S. S. Co., 4 So., 875; 1 Thompson
on Neg., sec. 150; Watson on Personal Injury, sec. 195; Hopkins on
Personal Injury, sec. 670.

Not necessary that defendant's negligence be the sole cause: Gal-
veston, H. & S. A. Ry. Co. v. Sweeney, 6 Texas Civ. App., 173; sec-
ond appeal, 14 Texas Civ. App., 216; Galveston, H. & S. A. Ry. Co.
v. Lynch, 22 Texas Civ. App., 336; City of San Antonio v. Porter, 24
Texas Civ. App., 444; Gulf, C. & S. F. Ry. Co. v. Josey, 95 S. W.,
688.

*Baker, Botts, Parker & Garwood, D. C. Bolinger* and *W. F. Ezell,*
for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages, arising from
personal injuries, instituted by appellant. He alleged that he had been
damaged, through the negligence of appellee, in the sum of $39,000.
The jury gave him a verdict for $2,000, and from a judgment for that
sum he has perfected this appeal.

There are some novel features in this case, as the appellant, who
recovered the judgment, is complaining of gross inadequacy of the

verdict to compensate him for the damages arising from his injuries, and the appellee contends that he received all that he is entitled to, and that the judgment should be affirmed.

We find that while the evidence of appellant might have justified a larger verdict, there was evidence offered by appellee which tended to show that appellant was not injured to any great extent, and that he recovered full compensation by the verdict of the jury. There was evidence tending to show that there were no external bruises except on the thumb; that no bones were broken; that appellant had been injured in other wrecks than the one in which he received his last injuries; that before that wreck his general condition was very poor, and that he was suffering from premature old age, and was so nervous that in drinking coffee he would spill it and would involuntarily rattle his knife and fork against his plate. One physician testified that appellant was possibly seventy-five years old, and that he advised appellee several years ago that he was too old to be employed as a conductor. Nervousness was one of the chief evidences of appellant's injuries, and the jury was justified in finding that it arose more from old age or former injuries than from those for which he sought to recover damages.

In the case of San Antonio v. Talerico, 78 S. W., 28, decided by this court, which is often invoked by appellees when judgments are claimed to be excessive by appellants, it was in effect held that the powers of this court, in connection with verdicts deemed to be too small, were the same as those in connection with verdicts deemed to be too large. Passion, prejudice or misconduct must appear to have influenced the size of the verdict before this court will exercise its power of reversing a judgment on that ground. As said by Chief Justice James in the case cited: "We sustain verdicts for large sums in this class of cases because juries may believe, in the case before them, the person would have lived to old age. But a jury may take a different view, and may resolve the question otherwise, and when they do it is not for us to revise them in a matter so clearly in their province. We can not say that this verdict is grossly or unreasonably small, which are the only grounds upon which we would be warranted to interfere, and we are not willing to send the case back with such a declaration."

In this case appellant was entitled to no damages but those arising from the injuries inflicted on him through the negligence of appellee, and the court did not err in charging the jury that appellant "would not be entitled to recover for any injury or damage except such injury or damage which resulted alone and solely from the negligence of the defendant company." The charge authorized the jury to find for all damages arising from the negligence of appellee, and the law does not authorize a recovery for more than that. The authorities cited by appellant refer to causes that actively concur with the negligent act in producing injuries or death, but no authority can be found that holds that, if a man is nervous and his nervousness is merely increased, the negligent party should be held liable for the entire nervousness. Justice would demand, and the law responds to it, that the negligent party should be held liable for the damages resulting from his acts, and not for injuries resulting from prior causes. If there had been a chain of

causes leading to the result, with which that of appellee actively concurred, appellant might have cause to complain of the charge. But there was only one act of negligence, and that the act of appellee, and the only question was how much that negligent act injured appellant, and to ascertain the amount it became necessary to inquire into the physical condition of appellant at the time of the accident. If he was sick or nervous or in an enfeebled condition at the time, neither of such conditions could be used as concurring causes to produce the result of the accident and augment the damages, but the increased sickness or nervousness or feebleness resulting from the negligence would be the proper measure of damages. The authorities fully sustain the charge. (Gulf, C. & S. F. Ry. v. McMannewitz, 70 Texas, 73; Texas Trunk Ry. v. Johnson, 75 Texas, 158; St. Louis S. W. Ry. v. Johnson, 100 Texas, 237.) It may be that the charge was not as ample as it might have been, but if that be true appellant should have put forth efforts to correct it in that respect.

Appellant, who seemed to know very little about his age, admitted that he was married in 1870, and that he was at least twenty-two years old at that time, and all the testimony was to the effect that he was not young, and much of it that he was quite old, and the court could well assume that he was an old man. The uncontroverted evidence also showed that appellant was quite nervous before he was injured. Appellant testified: "With reference to whether I had that tremulous condition before I was injured, I will say that I have been some nervous a long time, but it is worse since the injury." On November 22, 1906, about one year before appellant was injured, he applied for his certificate of exemption from poll tax and swore that he was then sixty-two years old. We do not think the charge could have misled a jury of average intelligence. It was fully justified by the facts. The judgment is affirmed.

*Affirmed.*

Writ of error refused.