## TEXAS & N. O. R. CO. v. JONES.

(Court of Civil Appeals of Texas. San Antonio. May 17, 1911. Rehearing Denied June 14, 1911.)

DAMAGES (§ 216*)—ACTIONS — INSTRUCTIONS— PERSONAL INJURIES.

In an action for injuries to a passenger, an instruction that if plaintiff had received injuries before the accident, and the jury were unable to determine whether her present condition resulted from such former injuries, or from the accident complained of, their verdict should be for defendant "as to such present injuries," given in lieu of an instruction that, under such circumstances, the verdict should be "for defendant on this issue," was not misleading as permitting the jury to find for plaintiff for physical and mental pain and suffering, loss of time, etc., in the future.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Lucretia Jones against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Wm. A. Vinson, for plaintiff in error. Hardy & Roberts and L. B. Moody, for defendant in error.

JAMES, C. J. The plaintiff, Lucretia Jones, recovered a judgment for $800 against appellant for personal injury. The judgment is not questioned in any respect except for error committed by the court in connection with the following charges, as shown by the two assignments now copied:

"The court erred in submitting to the jury paragraph 9, which reads as follows: 'If you believe from the evidence that plaintiff received any injury substantially as alleged by her, and you further find from the evidence that prior to the time of receiving such injury, if any, she had received injuries from being thrown from a street car, and you should be unable to determine from the evidence whether her present condition results from said former injuries or the accident complained of, you will let your verdict be for the defendant as to such present injuries, if any.'"

"The court erred in refusing to submit to the jury special charge No. 4 requested by the defendant, which reads as follows: 'If you believe from the evidence that plaintiff received an injury substantially as alleged by her, and you further find that prior to the time of receiving such injury she had received injuries from being thrown from a street car, and you are unable to determine from the evidence whether her present condition results from said former injuries or the accident complained of, your verdict shall be for the defendant company on this issue.'"

The points are explained by the two propositions as follows:

(1) "If the condition of the defendant in error at the time of the trial was caused by a street car accident occurring prior to the happening of the railroad accident, or, if the jury were unable to determine from the evidence to which accident her injuries should be ascribed, the plaintiff in error was entitled to a verdict on that issue, and it was error for the court to refuse to give the fourth special charge to that effect, and to use the language, 'as to such present injuries,' in paragraph 9 of the general charge."

(2) "Paragraph 9 of the court's general charge was further erroneous, misleading, and contradictory, in that the jury were told to find for plaintiff in error 'as to such present injuries, if any,' if they could not determine whether defendant in error's condition was caused by the street car accident or the railroad accident, thereby in effect authorizing a finding against the plaintiff in error, in any event, for physical and mental pain and suffering, loss of time, etc., in the future, arising from her condition, whoever was responsible for it."

The requested instruction and the one given are the same, except in the direction as to what the jury were to do; the one given stating, "You will let your verdict be for the defendant as to such present injuries, if any," and the one requested stating, "Your verdict shall be for the defendant on this issue." The contention is that, as given, the charge was misleading, in that the jury were permitted to find for plaintiff for physical and mental pain and suffering, loss of time, etc., in the future. It appears to us that a jury of ordinary intelligence could not have so understood the charge. "Present injuries" and "present damages" are different things. The court instructed the jury to find for plaintiff if they believed, among other things, that plaintiff received any of the injuries alleged by her as the direct and proximate result of the collision complained of. This was the only theory upon which they were authorized to find for plaintiff. The court also in the main charge charged clearly that defendant would not be liable to plaintiff for any injury inflicted upon her by the street car company, and for any pain or suffering on account thereof, or for any loss of time on account thereof; also, that if the jury believed from the evidence that plaintiff's present injuries, "if any, were proximately the result of the injuries inflicted upon her by the street car company, and her present pain and suffering, if any, are the direct and proximate result of such injuries received in an accident to her in alighting from a street car, you will let your verdict be for the defendant as to such present injuries and suffering, if any." The court also charged, if they found for plaintiff, that, in estimating the damages, they could take into consideration the value of the time lost, if any, and mental and physical suffering, if any, caused by said injuries; and the probable effect of the injuries, if any, in the future upon her health and her ability to labor and generally any reduction, if any, and for future physical and mental pain or suffering, if any, which she may endure as the result of said injuries. The imposition of damages in respect to future results was authorized only where they were the results of said injuries; that is to say, the injuries she sustained by the accident in question as distinguished from her former injury.

The charge given in lieu of the one requested was not capable of being understood as permitting the consideration of future results to plaintiff, where it instructed the jury to find for defendant as to her present injuries. The idea clearly conveyed by the charge was to find for defendant as to all items of damage growing out of her present injuries. The purpose of the charge requested and the one given was to emphasize a difference between injuries received by plaintiff in the street car accident and those received in the accident in question, and it is clear to the ordinary mind that what was meant by "present injuries" were those not sustained in the former accident, but received in the accident complained of. The jury could not have been misled into the impression that if they could not separate the results of the former injury from those of the recent one,

and for that reason could not find against defendant for any present damages, they could nevertheless find for prospective damages growing out of the later accident, the effects of which they were unable to separate from the former one.

We conclude that the assignments should be overruled and the judgment affirmed, but without damages for delay.