SCHMIDT et al. v. McCOPLIN. (No. 1990.)*

(Court of Civil Appeals of Texas. Amarillo. June 7, 1922. Rehearing Denied June 28, 1922.)

1. Guaranty ⬉85(1)—Petition not bad on general demurrer, as failing to allege consideration for contract.

Petition in action on written guaranty contract held not bad on general demurrer, as failing to allege any valid consideration.

2. Guaranty ⬉15—Written contract imported a consideration.

A written contract of guaranty imported a consideration, in view of Rev. St. art. 7093.

3. Appeal and error ⬉672—Question of sufficiency of evidence not considered as fundamental error.

The question of the sufficiency of the evidence to sustain the verdict of the jury cannot not be considered as fundamental error.

4. Appeal and error ⬉725(2)—Assignment held not considered for indefiniteness.

An assignment that "the court erred in overruling defendants' demurrer to plaintiff's petition" was not entitled to consideration, where defendants' answer contained four separate demurrers.

5. Appeal and error ⬉500(2)—Assignment of error, in absence of ruling by court, not considered.

An assignment that court erred in overruling demurrers to petition was without merit, where it did not appear from the record that any order was made by the court on the demurrers.

6. Appeal and error ⬉931(4)—Presumption as to denial of recovery on matter not mentioned in judgment.

It will be held by implication that the trial court denied recovery as to a lien pleaded by plaintiff on property of debtor on claim of fundamental error by guarantors, appealing from a judgment against them which did not mention the lien.

7. Appeal and error ⬉231(1)—General objection to submission of special issues held insufficient.

Where eight separate special issues were submitted, and defendants' only exception thereto was that they "objected to special issues Nos. 1 to 8, inclusive, because the same did not state the correct issues of the case, and that no judgment could be rendered in the said case upon the findings of the jury under such special issues," such general objection amounted to no objection at all.

8. Appeal and error ⬉930(3)—Presumed that court found facts necessary to sustain judgment.

Where there was no request for submission of an issue as to a certain matter, it will be presumed that the court found such facts as were necessary to sustain the judgment rendered, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by J. W. McCoplin against William Schmidt and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Stuart & Rattikin, of Fort Worth, and Davenport, Wilson & Thornton, of Wichita Falls, for appellants.

Mathis & Caldwell, of Wichita Falls, for appellee.

BOYCE, J. J. W. McCoplin brought this suit against the Burk-King Oil Company and William Schmidt and Levi McCaskill, to re-

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction October 18, 1922.

cover an amount alleged to be due for drilling a well for oil and gas on property owned by the Oil Company. It was alleged that about January 5, 1920, the plaintiff and the Oil Company entered into a contract for such drilling; that subsequent to the date of such contract and prior to the completion of the well the defendants Schmidt and McCaskill entered into a written agreement with plaintiff whereby they agreed to become personally liable for the payment of any amount already due and to become due the plaintiff for such work, and that but for such agreement plaintiff would not have continued work upon said well.

The defendants Schmidt and McCaskill in their answer denied the validity of the alleged contract between the plaintiff and the Oil Company. They denied that one Conn, who was alleged to have executed the contract in behalf of the Oil Company, had authority to bind the company by such contract. They alleged that the contract of guaranty was procured by fraud, and that it was without consideration; that the work had already been done when such contract was signed, and they received no benefit therefrom.

The plaintiff attached to his supplemental petition the contract alleged to have been made between the Oil Company and plaintiff, which was dated January 9, 1920; also the guaranty contract signed by Schmidt and McCaskill, which was dated February 11, 1920; and in connection therewith alleged that the said Schmidt and McCaskill were officers of the Burk-King Oil Company, and interested in said lease and surrounding leases; that it was to their advantage to have said well drilled; that plaintiff had refused to continue the work on said well, and defendants executed said contract for the purpose of inducing him to continue drilling. Issues made by the pleading as stated were submitted to the jury, and they were all answered in plaintiff's favor. Whereupon the court entered judgment for the plaintiff.

[1-3] The first proposition is presented as fundamental error, there being no assignment thereof in the record. Under this proposition it is claimed that there was no pleading or proof of any valid consideration for the guaranty contract on the part of Schmidt and McCaskill; that the only consideration alleged or proven was the doing of an act by plaintiff which he was already under obligation by the contract with the Burk-King Oil Company to do. The general proposition that a promise by a third person to induce one to perform an obligation to which he is already bound by contract with some other person is without consideration seems to be sustained by the weight of authority. Page on Contracts, § 594; 13 C. J. 356; 6 R. C. L. p. 666. Conceding this proposition to be the law, we do not think the petition in this case would be bad on general demurrer.

The written contract imported a consideration. Article 7093, R. C. S.; P. & S. F. Ry. Co. v. Fitts (Tex. Civ. App.) 188 S. W. 532. But as plaintiff undertook to plead the consideration it is perhaps true that, if the facts pleaded showed that no consideration existed, then the presumption would not prevail. We have already stated the substance of this pleading. If it had been alleged that the plaintiff was within his lawful rights in refusing to proceed with the performance of his contract with the Oil Company, the pleading would unquestionably have been sufficient. Page on Contracts, pp. 1019, 1021; Grant v. Duluth Messabe & N. Ry. Co., 61 Minn. 395, 63 N. W. 1026; Gerard v. Seattle, 73 Wash. 519, 132 Pac. 227; Bank v. Ryan, 67 Ohio St. 448, 66 N. E. 526.

We think it would be presumed in aid of the sufficiency of the petition that the plaintiff was acting lawfully in refusing to go on with the contract with the Oil Company. Several contingencies might be supposed which would justify the plaintiff in his refusal to proceed with the contract, which imposed mutual obligations upon the parties and under the terms of which he was to be paid for his work the sum of $125 per day. Appellees contend that the evidence in fact shows such a situation, to wit, that the Oil Company was at the time of the making of this guaranty contract involved and in a state of disorganization; that it was in litigation over the title to the lease on which the well was being drilled; that its manager, Conn, had been discharged, and those in charge of the company's affairs were questioning his authority to make the contract which the plaintiff claimed to have with the company; that the company had failed to pay the plaintiff for services already performed, and had no money to pay him for such services, or for services to be further rendered in the continuance of said work. The issue of want of consideration was submitted to the jury and answered in appellee's favor, and there is no attack made by any of the assignments presented here on the action of the court in submitting the issue or the sufficiency of the evidence to support it. We think the pleading is sufficient to support the judgment. The question of the sufficiency of the evidence to sustain the verdict of the jury cannot be considered as fundamental error. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537, 124 S. W. 85.

[4, 5] The second proposition is based on an assignment that "the court erred in overruling defendant's demurrers to plaintiff's petition." Defendants' answer contains four separate demurrers. The assignment is not entitled to consideration. Besides, it does not appear from the record that any order was made by the court on these demurrers.

[6] Under the third proposition it is contended that there is fundamental error in

the judgment, in that it does not dispose of the question of the lien which plaintiff pleaded he held on the property of the Burk-King Oil Company to secure him in the payment for the work done. The judgment does not mention the lien, but it will be held by implication to have denied recovery thereon. Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

[7, 8] The plaintiff pleaded that he worked for 60 days under contract for pay at $125 per day. The defendants answered that the work which plaintiff did should have been performed in 5 days. The trial court submitted no issue as to the number of days plaintiff actually worked, and neither party requested the submission of such an issue. There was submitted an issue as to "what would have been a reasonable time within which to perform the services which were performed by the plaintiff," to which the jury answered, "Sixty days." Eight separate special issues were submitted, and the appellants' only objection thereto was that they—

"objected to special issues Nos. 1 to 8, inclusive, because the same did not state the correct issues of the case, and that no judgment could be rendered in said case upon the findings of the jury under such special issues."

By the fourth and fifth propositions it is asserted that there was error in the submission of the issue of reasonable time for performance of the work, and that no judgment could be rendered on the verdict of the jury because there was no finding as to the length of time the plaintiff actually worked under the contract. The submission of the issue now objected to was probably due to defendants' own pleading, as above stated. We need not determine whether the issue should have been submitted or not, because defendant made no objection thereto that could be considered. The general objection made amounted, in our opinion, to no objection at all. Miller's Indemnity Underwriters' Association v. Patten (Tex. Civ. App.) 238 S. W. 246 (7). As there was no request for submission of an issue as to the time that plaintiff actually worked on the well, it will be presumed that the court found such facts as are necessary to sustain the judgment rendered. Vernon's Sayles' Revised Civil Statutes, art. 1985; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

There is no assignment of error in the record under which the sixth proposition may be considered. In this connection we may say that the assignments in the brief are not substantially those in the transcript. Some of the assignments in the brief present entirely new and different matter from anything contained in the motion for new trial, and no other assignments are in the record.

The testimony referred to in the seventh proposition was admissible to show the circumstances of the execution of the written agreement signed by Schmidt and McCaskill, and tended to disprove their contention that they did not understand the contract which they signed and that it was procured by fraud. The testimony added nothing to the obligation imposed by the writing, and its admission could not have been harmful as varying the contents of the writing.

Affirmed.