hold the action of the trial court to have been erroneous.

The motion for rehearing is overruled.

―――――

MOBLEY v. ROBERTSON et al.    (No. 101.)

(Court of Civil Appeals of Texas. Waco. Nov. 6, 1924.)

1. Exceptions, bill of ⬅41(1)—Must be filed within time allowed by trial court; otherwise, cannot be considered.

Where trial court, overruling defendant's motion for new trial, allows definite time to file bills of exception and statement of facts, and no further time is granted, a bill of exception, filed months after time allowed has expired, is filed too late to be considered.

2. Appeal and error ⬅302(6)—Assignment, in motion for new trial, that judgment is contrary to evidence, held too general.

Motion for new trial, assigning as ground that "judgment of the court is contrary to the evidence," *held* too general to justify consideration, and complaint of insufficiency of evidence to support verdict does not present fundamental error.

3. Appeal and error ⬅223—Judgment on replevy bond, not enumerating items or value of property, not fundamental error.

That judgment against sureties on a replevy bond did not enumerate items of sequestered property, or find value of such items separately, but described the articles replevied in same general terms as the writ, and recited that they were valued at gross amount, does not show fundamental error, where court was not requested to so enumerate, and find and recite value.

Error from District Court, Dallas County; E. B. Muse, Judge.

Action by B. C. Robertson against R. F. Mobley  Certain property was sequestered and defendant replevied same, with E. G. Kemper and another as sureties on the replevin bond. Judgment for plaintiff, and defendant and his sureties bring error. Affirmed.

E. M. Herndon and Max R. Rosenfield, both of Dallas, for plaintiffs in error.

W. H. Graham, of Dallas, for defendant in error.

GALLAGHER, C. J.  B. C. Robertson, defendant in error herein, sued R. F. Mobley in the district court of Dallas county to recover on two promissory notes, is the sum of $800 each, with interest and attorney's fees therein stipulated, and to foreclose a chattel mortgage on "all the right, title, and interest of the said R. F. Mobley in and to the business known as 'Mobley's Sandwich Shop No. 1,' located in a brick building known as 1208 Main street, including

lease and all fixtures therein located." He made the Texas State Bank of Fort Worth a party defendant, and alleged that it was claiming some kind of interest in the mortgaged property, and that such interest, if any, was inferior and subject to said mortgage.

Plaintiff, Robertson, filed affidavit and bond for sequestration, describing the property sought to be sequestered as in said mortgage. Writ of sequestration was issued, in which the property was so described. The return of the officer shows that he levied said writ on the property described therein. Defendant Mobley replevied the property, and E. G. Kemper and C. H. Jones, plaintiffs in error, were sureties, and the only sureties, on the replevy bond.

The case was tried before the court. Judgment was entered in favor of said Robertson for the amount of said notes in the sum of $1,816.22, and for a foreclosure of lien upon all the mortgaged property except said lease. Said bank also recovered a moneyed judgment against said Mobley, with foreclosure of lien on the same property; but such lien was declared to be inferior to the lien of said Robertson. Order of sale was awarded, and the officer executing the same was directed to apply the proceeds of sale first to the satisfaction of the judgment in favor of said Robertson. Judgment was also entered in favor of said Robertson against said Mobley, as principal, and said E. G. Kemper and C. H. Jones, as sureties, on said replevy bond, in the said sum of $1,816.22, and execution was awarded on such judgment. The defendant Mobley filed a motion for new trial, and followed the same with an amended motion, which was duly heard and overruled, to which action of the court he excepted and gave notice of appeal. Plaintiffs in error have brought the judgment against them on such replevy bond to this court for review by writ of error.

[1] Plaintiffs in error complain that the court overruled defendant Mobley's motion to quash the sequestration proceedings. The record contains such motion. There are no orders or judgment of the court showing that such motion was ever presented or acted upon. The only attempt to show that such motion was presented to the court and overruled was by bill of exception. Defendant in error objects to the consideration of said bill and moves to strike out the same on the ground, among others, that it was not filed in time. The term of the court at which this case was tried might by law have continued, and it did in fact continue, more than eight weeks. Said term expired on April 1, 1922. The court in overruling defendant Mobley's motion for a new trial allowed 90 days from and after the adjournment of the court in which to file bills of

exception and statement of facts. The time so allowed expired on June 30, 1922. No further extension of time was made. The bill of exception in question was filed October 30, 1922. It was filed too late and cannot be considered. Unknown Heirs of Criswell v. Robbins (Tex. Civ. App.) 152 S. W. 210; Foster v Bourgeois (Tex. Civ. App.) 253 S. W. 880, 883, 884; Id. (Tex. Sup.) 259 S. W. 917

[2] Defendant Mobley, in his motion for a new trial, assigned as one of the grounds for granting the same the following "Because the judgment of the court is contrary to the evidence." Said assignment of error is too general to justify consideration. Yoe v. Montgomery, 68 Tex. 339, 342, 4 S. W. 622; Leach v. Wilson County (Tex. Sup.) 13 S. W. 613. The only complaint of the evidence presented by plaintiffs in error in their brief is that the value of the property on which the court foreclosed the lien is not shown with sufficient certainty to authorize judgment on the replevy bond in the amount actually rendered. Complaint of the insufficiency of the evidence to support the verdict does not present fundamental error Houston Oil Co. v Kimball, 103 Tex. 94, 103, 104, 122 S. W. 533, 124 S. W. 85; Schmidt v. McCoplin (Tex. Civ. App.) 243 S. W. 605, 606; Huffmaster v. Toland (Tex. Civ. App.) 250 S. W 468, 469; White v. Cooksey (Tex. Civ. App.) 253 S. W 548, 549. However, if we considered the assignment, we could not reverse the case for the insufficiency of the evidence. The statement of facts, agreed to by the parties and approved by the court, shows that on the trial of this case R. F. Mobley, defendant, testified that the actual value of the fixtures included in the lease was $4,000. The judgment against plaintiffs in error was for $1,816.22, and it was therefore fully supported by the evidence.

No assignments of error were filed in the trial court. The motion for new trial filed by defendant Mobley does not complain of the matters hereinafter discussed. Such matters are presented by assignments herein for the first time in the briefs filed by plaintiffs in error. They are claimed to present error so fundamental as to require consideration without specific assignment thereof under the ordinary rules of appellate procedure.

[3] The judgment in this case does not enumerate the different items of sequestered property, nor find the value of such items separately. It is contended that this is fundamental error, requiring a reversal of the judgment against plaintiffs in error as sureties on the replevy bond. Such bond describes the articles replevied in the same general terms as the writ, and it recites that they were valued at a gross amount. It does not appear that the court was requested to enumerate in his judgment the several items of replevied property, nor to find and recite therein the value of each item respectively. The court found as a fact that the defendant Mobley could not produce the property before the court, and that he had voluntarily placed it beyond the jurisdiction of the court. The statement of facts, agreed to by the parties and approved by the court, contains the same recital as an admitted fact. A similar situation was before the Court of Civil Appeals for the Fourth District in the case of Avery v. Popper, 45 S. W. 951, 955, and was disposed of as follows:

"As the appellant J. M. Avery had none of the property on hand when the case was tried in the court below, and would have been wholly unable to produce said property or any part thereof in satisfaction or partial satisfaction of any part of the judgment rendered therein, neither he nor the sureties on his bond were prejudiced by the failure of the judgment to fix the value of each article of property sequestered and replevied. Appellants having placed it out of their power to produce any part of the property in satisfaction or partial satisfaction of the judgment, should not be heard to complain of the court's failure to fix the value of each item of the property, when they failed to request that the judgment should be so entered, or to complain of the judgment on that account, in the court below."

That case was carried to the Supreme Court on writ of error, where the judgment on the replevy bond was set aside because the trial court had quashed the sequestration proceedings. That court, however, on motion for rehearing, held that the trial court erred in quashing such proceedings, and rendered judgment on the replevy bond against both principal and sureties therein for the gross value of the property replevied. Avery v. Popper, 92 Tex. 337, 345, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849. The court, in the case of Pipkin v. Tinch (Tex. Civ. App.) 97 S. W. 1077, 1078, says:

"Where the judgment declares that the property has been disposed of, and cannot be returned, it is not essential that it should find the value of each separate article."

Defendant in error Mobley in his petition alleged that the value of the mortgaged property did not exceed $1,000. In his affidavit for sequestration he alleged that said entire property was of the value of $2,000. The officer levying the writ of sequestration valued the same at $2,000, and made such value the basis of the penalty in the replevy bond required by him for the return of the same to said defendant Mobley, and the replevy bond so recites. A similar issue was before our Supreme Court in the case of Watts v. Overstreet, 78 Tex. 571, 578, 14 S. W. 704, 706. We quote from the opinion of the court in that case as follows:

"There was evidence admitted on the trial showing that the sheep were worth more than

the value as alleged by plaintiff in her petition and affidavit at the time they were replevied, and the judgment was for the value of the sheep at $3.50 per head, when the maximum value as alleged in the petition was $1.50 per head. Error is assigned that plaintiff cannot prove the value to be more, or recover more than the value as alleged, and that she is estopped from such recovery. The rights of plaintiff on the defendant's replevy bond do not depend on the pleadings. The value of the property for which defendant and the sureties on his replevy bond may be liable is not the value at the time the petition or affidavit is filed, but at the time of the trial. In satisfaction of the judgment on the bond the property can be returned, and if only a part of it be returned then there shall be a credit on the judgment pro tanto. The verdict of the jury will determine this value."

We are of the opinion that all said contentions are without merit, and the judgment of the trial court is affirmed.