SAN ANTONIO PUBLIC SERVICE CO. v.
WELLMAN et al.   (No. 7614.)

(Court of Civil Appeals of Texas. San Antonio.   Nov. 6, 1926.   Rehearing
Denied Dec. 4, 1926.)

1. Carriers ⬦⇒302(1)—Where street railroad kept woman on car several hours after fall not caused by its negligence, it was nevertheless liable for damages for negligence in so doing.

Where woman slipped on banana peeling on street car and was injured and street railroad kept her on car for several hours before taking her to hospital, it was liable for damages resulting from detaining her on car, even though its negligence did not cause fall.

2. Carriers ⬦⇒321(23)—Instruction referring to damages "as alleged" held not fundamentally erroneous, as allowing recovery for injuries from fall for which defendant was not responsible in addition to injuries from detention on car after fall.

Where petition alleged injuries to woman passenger on street car from fall and from being kept on car for several hours, but car company was found not negligent in causing fall, though negligent in detention of plaintiff, instruction as to damages referring to injuries "as alleged in the petition" held not fundamental error, as permitting recovery for the fall itself.

3. Appeal and error ⬦⇒218(2)—Question of sufficiency of issue cannot be raised for first time on appeal (Rev. St. 1925, art. 2185).

When objecting party fails to tender issue in trial court, he cannot, for first time on appeal, question sufficiency of issue, in view of Rev. St. 1925, art. 2185.

4. Carriers ⬦⇒321(23)—Refusal of instruction not to give damages for physical condition caused by ailments pregnant woman had before fall on street car held error, in view of evidence.

Where street railroad company kept pregnant woman passenger on car several hours after fall causing injuries, and fall was not caused by defendant's negligence, refusal of instruction that jury could not give any damages for plaintiff's physical condition caused in whole or in part by ailments she was suffering with before accident held error, in view of evidence.

Appeal from Thirty-Seventh District Court, Bexar County; W. S. Anderson, Judge.

Suit by Elizabeth Wellman and others against the San Antonio Public Service Company.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Birkhead, Lang & Beckmann, Thos. G. King, and Harold K. Stanard, all of San Antonio, for appellees.

COBBS, J.   Appellees brought this suit against appellant to recover damages on account of personal injuries inflicted upon and sustained by Mrs. Wellman, by appellant, while she was a passenger riding on one of appellant's cars.   As she was undertaking to leave the car at the corner of Houston and North Flores street, in the city of San Antonio, she slipped on a banana peeling and was thrown to the floor.   The main ground of negligence was that appellant permitted the piece of banana peeling to be on the floor of the front platform of the street car, close to the little step that leads down from the main body of the car to the front platform. As she was preparing to leave the car she stepped on the piece of banana peeling which slipped and caused her to lose her balance and fall to the floor.   It is alleged and proven that in falling she struck her back and head against the upright metal rod and struck her hip and back against the edge of the little step, causing her to be seriously and permanently injured.   At the time of the accident she was about six months pregnant with a child, which, because of the accident, was prematurely born, 13 days after the accident, and lived only 2½ hours.   And it is alleged that—

"Said child had been carried by plaintiff under abnormal conditions from the date of plaintiff's said fall to the date of its birth, which conditions were due to the fall sustained by plaintiff and the injuries to her body and her nervous system sustained as above alleged."

The plaintiffs also claimed in their pleading and proof that Mrs. Wellman fell in the car about noon or soon thereafter, and that after she fell the agents of the defendant company undertook to take charge of her, and that they did not promptly take her to a hospital and to a doctor, or take her home as she requested, but that she rode on the street car to the end of the West End line, sitting on one of the seats, rode back on the street car halfway to the city, where she was removed to the back seat of an automobile, and was carried to the office of the defendant on St. Mary's street, but that she did not leave the automobile, but was then taken to the Robert B. Green Hospital, where she was examined and treated by the hospital attendants and doctors and by the company doctor, and was then taken in an ambulance to her home, and that it was about 2 or 2½ hours after the accident before she reached home.   The second ground of negligence claimed against the defendant was that it negligently failed to take the plaintiff home, and was negligent in its treatment of her after the fall, and that the injuries which she received in the fall were aggravated, and her suffering was increased and prolonged, by the treatment she received at the hands of the defendant after she fell.

Appellant filed proper responsive pleading putting the case at issue.   It was tried with a jury upon special issues and in response

---

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereto found that the defendant was not negligent in permitting the banana peeling to be on the floor; the jury found that the defendant, after Mrs. Wellman fell, took charge of her, and was negligent in its treatment of her, after so taking charge of her, until she got home, and that such negligence directly contributed to the injuries to Mrs. Wellman which are alleged in the petition; the jury found that Mrs. Wellman was not guilty of contributory negligence; and then the following question was asked and answered by the jury:

"What amount of damages, if any, would, if paid now, reasonably compensate the plaintiff Elizabeth Wellman for such injuries, if any, as you may find from the evidence to have been sustained by her as alleged in the petition? Answer, stating the amount.
"We, the jury, answer $5,000."

And also the following question:

"What amount of damages, if any, would, if paid now, reasonably compensate the plaintiff A. R. Wellman for such expenditures, if any, as you may find from the evidence to have been incurred by him as alleged in the petition? Answer, stating the amount.
"We, the jury, answer $500."

[1] The primary or proximate cause of the injury was the fall, of course, and whatever prime injury was caused by the fall on account of the banana peeling was passed out of sight by the jury in holding that such injury was not caused by the negligence of appellant. If the original injury to her was not caused by the company's negligence, still the company retained charge of her in her injured condition, and as long as it held her on its car, which was for a period of several hours, transporting her to and from a remote part of the city before she received medical treatment or attention, the company must be held responsible.

On the question of the nature of the injuries and treatment to her while on the car the evidence is practically undisputed. If Mrs. Wellman had been allowed to leave the car at Houston and North Flores streets, as she requested, instead of being detained on the car by appellant's servants, under the finding of the jury, the appellant would have been exonerated. But they detained appellee on a rough, jolting street car in her injured condition until she was taken to the general offices of the company for inspection by its physician to determine the extent of her injuries, as well as her ultimate disposition.

The company saw her at the time she was injured and saw her condition and witnessed her suffering. The finding of the jury upon the first ground of negligence confines this decision to the second ground.

The jury could very well find that it was negligence in detaining the lady in her injured condition on the car instead of letting her off in the business center of the city, where she could have more speedily obtained medical attention, and been saved from the trip and uncomfortable long car ride, which must have at least contributed to the suffering and injury received from the fall.

It may be true, as charged in the pleading and established by proof, that the injuries sustained in the fall may not alone be responsible, but such injuries were aggravated and made manifest when taken in connection with the facts. Instead of being taken off the car and taken or assisted to her quiet and restful home or to a hospital, appellee was detained and transported from the intersection of North Flores and Houston streets to the end of the "West End" car line and halfway back to the city, where the car was met by a service car ordered by appellant, to which appellee was transferred and carried to the main office of appellant and then back to the County and City Hospital, where a physical examination was made. After all this she was taken to her home in an ambulance.

The disregard of appellee's wishes, the detention on the street car, the long and rough ride, and then the transfer to the service car taking her to the company's office, then transporting her to the hospital, where the physical examination was made, and finally sending her home in an ambulance, would almost wreck the nerves of a well person, to say nothing of a physically injured and pregnant woman, such as was appellee. These facts are all undisputed.

However, appellant urges the proposition that the charge of the court in submitting to the jury, "What amount of damages, if any, would, if paid now, reasonably compensate the plaintiff Elizabeth Wellman for such injuries, if any, as you may find from the evidence to have been sustained by her, as alleged in the petition?" was error, because the two grounds of negligence were not separated, or, rather, because the first ground was not eliminated and the charge confined to the second ground.

[2] It is contended that the finding of the jury in answering $5,000, necessarily, included all damages suffered; that is, damages for the injuries suffered by the fall, which would be in conflict with their finding that the company was not negligent. In other words, that the charge should have instructed the jury to find no sum for damages that were caused by the fall, but to limit their inquiry and finding to damages caused by the negligence of appellant in its treatment to appellee after her fall.

It is contended that the court gave the jury too broad a field for inquiry when they were sent, by the charge of the court, to the petition to discover from the evidence the injuries sustained by her "as alleged in the petition." The charge itself had failed to point out the issue, separately, and did not direct the

minds of the jury to the very question that they were called upon to find.

Assuming that the court erred in failing to split up the issues in the charge, and failed to tell the jury, in considering the question of damages for injuries suffered, that they could not include any damages based or measured upon the original injury, but must confine their finding to what occurred after the fall; would that be a fatal or fundamental error? We think not. Has not such a situation and the very question been provided for by article 2190 of Rev. Stats. of 1925? which, among other things, provides:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. * * * An issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding." Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[3] When the objecting party fails to tender the issue in the trial court, he cannot, for the first time on appeal, question the sufficiency of the issue. Article 2185, R. S. 1925; Traction Co. v. Rogan (Tex. Civ. App.) 199 S. W. 1135; Schmidt v. W. McCoplin (Tex. Civ. App.) 243 S. W. 605; G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

Conceding that there is vice in the charge that allowed the jury to measure the damages they found to be for all the injuries, their finding was not necessarily caused by the charge. They may have thought the treatment to the appellee after the injury was such as to cause the damage, and may have intended to compensate her for such injuries. For the reasons given, we do not think appellant is in any position to complain now of the charge in question.

[4] However, the appellant makes the strenuous contention in its fourth proposition that the court erred in not submitting its fifth specially requested charge:

"Gentlemen of the jury, you are instructed, in connection with question No. 9 (that is, the question as to the amount of damages), submitted to you in the court's main charge, that, if you find that the plaintiff is now suffering, or at any time since her alleged injury has suffered, any impairment of health or physical condition, but that such impairment of health or physical condition was caused partly, or wholly, by diseases or ailments she had before the alleged injury, and were not produced by injuries sustained in the fall or in the way she was treated before she got home, then you cannot allow her anything on account of any impairment of health or physical condition due to diseases or ailments she had before the alleged injury."

The jury found that appellant was not charged with any negligence by reason of the fall in the case. There is no proof that ap-

pellee was physically or traumatically injured by anything that appellant did while on the car or while in its care after the fall. The testimony, among other things, showed that she gave premature birth to a child 13 days after she left the custody of appellant. There is abundant proof that appellee had many miscarriages covering quite a period of time prior to the accident. There was testimony from the medical witnesses that she might have had an abortion in the condition she was in before and would probably have had a miscarriage of the baby even though she had not had the fall on the street car.

This was a jury question and appellant timely requested the court to instruct the jury not to give any damages for her physical condition caused, in whole or in part, by ailments she was suffering with before the accident. No one can tell how far the premature birth of the child may have influenced the jury in assessing damages. It was an issue under the pleadings and evidence, and, appellant having properly requested its submission, the court committed error in its refusal. Roberts v. Galveston, H. & S. A. R. Co., 58. Tex. Civ. App. 321, 124 S. W. 230; St. Louis Ry. v. Hall (Tex. Civ. App.) 92 S. W. 1079; Texas Ry. v. Jones (Tex. Civ. App.) 138 S. W. 209; Fort Worth Ry. v. Morrison (Tex. Civ. App.) 139 S. W. 884.

We do not pass upon other errors assigned, for the reason that they will probably not arise on another trial.

For the reason given, the judgment of the trial court is reversed, and the cause remanded for another trial.

FLY, C. J., disqualified, not sitting.